We have considered of this case, and the authorities relative to the point that was stirred in it. Green v. Proctor, 4 Burr., 2208, and Cowp., 597, cited at the bar upon the argument, go upon this ground: Where there is an absolute unconditional agreement by deed on the part of the plaintiff that the defendant shall enjoy the premises, he shall not be permitted to invalidate that deed by recovering against it. It is unreasonable that he should. When the deed is fairly executed, and cannot be impeached for fraud, it is evidence of good consideration passing from the defendant to the plaintiff, which makes the plaintiff a trustee of the legal title for the defendant, at least (333) during the time the contract is to last. In the present case there is no absolute unconditional agreement that the defendant shall have and enjoy the possession. He is to have a conveyance when he pays the money. This implies most strongly that he is not to have it before. There is another class of cases, however, into which those before cited seem to enter. They decide that a trustee shall not be permitted to recover in ejectment against his cestui que trust, and that a vendor of lands is a trustee for the vendee. One of these cases is reported in Cowp., 473. The reason the Court gives why they will not permit the plaintiff to recover is because to do that would only be to give the court of equity an opportunity of undoing all again by setting it right. Courts of law now take notice of these trusts to prevent delay and expense to the suitors by sending them to equity. Others of these cases reported in Doug., 776; Durnford v. East., 735; but in these cases the rule is laid down to apply where the plaintiff is clearly a trustee, so circumstanced that a court of equity would decree a specific execution of the agreement. There he shall not recover; but if it be not clear, but doubtful, whether he be such a trustee or not, a court of law leaves that inquiry to the court that has proper cognizance of trusts, and will not take any notice of it upon a trial in ejectment. To say in a court of law that a trustee shall not recover in ejectment against his cestui que trust is going perhaps full far enough — perhaps further than the rules of the ancient common law would warrant. Had this rule, indeed, prevailed formerly at law, it is probable the court of equity would not now have been in possession of that jurisdiction, to which the delay and expense of an application has latterly induced courts of law to adopt the rule established by those decisions; and though perhaps were this a clear trust, *Page 260 
this Court, for the same reasons that weighed in these cases, might now adopt the same rule, yet we are of opinion this is not a case of a clear and undoubted trust. The vendor only becomes a trustee where the vendee has actually paid him the money. Here he has not paid the money; the nonpayment of the money is the cause of this action; the vendor by the express terms of the agreement is not obliged to make a conveyance until payment of the money. This is so far from being the case of a clear trust that it is rather clear the other way; and upon principles of common justice, we should not be warranted in saying the possession should be taken from the plaintiff, or denied to him, (334) when his agreement evidently implies the contrary. Wherefore, let the plaintiff have judgment.
Judgment was entered for the plaintiff accordingly.